## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | | |
|---|---|---|---|---|
| In re: | ) | Chapter: | 7 | |
| | ) | | | |
| George and Virginia Lippig, | ) | Case No: | 12-12926 | |
| | ) | | | |
| | ) | Judge: | Hon. Manuel Barbosa | |
| Debtor. | ) | | (Geneva) | |

### NOTICE OF MOTION

TO: See Service List

PLEASE TAKE NOTICE that on September 27, 2012, at the hour of 10:00 A.M., we shall appear before the Honorable Judge Manuel Barbosa, U.S. Bankruptcy Judge, in Courtroom 250 at the Kane County Courthouse, 100 South Third Street, Geneva, Illinois, or any other judge sitting in his place and stead, and then and there present the attached **Motion for Turnover of Property of the Estate from Larry Burger, CPA, P.C.**, a copy of which is hereby served upon you.

Joshua D. Greene
**SPRINGER, BROWN, COVEY, GAERTNER & DAVIS, LLC**
400 South County Farm Road, Suite 330
Wheaton, IL 60187
(630) 510-0000

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing was served upon the parties listed on the Service List by electronic service, where applicable, or by placing a copy in the United States Mail at 400 S. County Farm Rd., Wheaton, Illinois before the hour of 5:00 pm on September 20, 2012.

/s/ Joshua D. Greene

## Service List

*Via Electronic Service*

United States Trustee
William T. Neary
219 South Dearborn St.
Suite 873
Chicago, IL 60604

Michael Dimand
5 East Wilson St.
Suite 2
Batavia, IL 60510
mdimand@aol.com
Attorney for Dick and Linda Corso

**Joseph P Doyle**
Law Office of Joseph P Doyle
105 S Roselle Road
Suite 203
Schaumburg, IL 60193
joe@fightbills.com
Attorney for Debtors


*Via United States Mail*

Larry G. Burger, CPA, P.C.
Attn: Larry Burger
101 West 22nd Street
Suite 105
Lombard, IL 60148

Bret Klemetson
Huck Bouma, P.C.
1755 South Naperville Road
Suite 200
Wheaton, IL 60189

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 7 |
| | ) | | |
| George and Virginia Lippig, | ) | Case No: | 12-12926 |
| | ) | | |
| | ) | Judge: | Hon. Manuel Barbosa |
| Debtor. | ) | | (Geneva) |

**TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE**

NOW COMES Thomas E. Springer, Trustee (hereinafter "Trustee") for the Chapter 7 Estate of George and Virginia Lippig, the Debtors herein (hereinafter "Debtors"), by and through counsel Springer, Brown, Covey, Gaertner & Davis, LLC., pursuant to 11 U.S.C. §§541 and 542, and requests that the court enter an order requiring Larry G. Burger, CPA, P.C. ("Burger") to turn over property of the estate, and in support thereof, respectfully submits as follows:

**Background**

1. On March 30, 2012 (the "Petition Date"), the Debtor filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Illinois, whereupon Thomas E. Springer was appointed as case Trustee and continues to serve in that capacity.

2. The Debtor's Schedule B filed in connection with the bankruptcy indicate that, as of the Petition Date, the Debtors were owed an account receivable in the amount of $85,000 from Burger in connection with the sale of assets of Lombard Financial Services. Exhibit A, Schedule B.

3. The Trustee conducted a further investigation into the account receivable and discovered that on January 25, 2011, Lombard Financial Services, Inc. and the Debtors as its shareholders entered into an asset purchase agreement with Larry G. Burger, CPA, P.C. (the "Agreement"). Pursuant to the terms of the Agreement, Burger was to pay a down payment of

3

$150,000, and the additional $85,000 was to be paid only after the sales of Lombard Financial Services reached $150,000. After the sales of Lombard Financial Services reached $150,000, Burger was to pay 50% of all revenues to the Debtors until the remaining $85,000 was paid in full. <u>Exhibit B</u>, Asset Purchase Agreement

4. Lombard Financial Services was subsequently dissolved by the Illinois Secretary of State in August of 2012.

5. As of the Petition Date, the $85,000 was due and owing to the Debtors under the Agreement, but the sales of Lombard Financial Services had not yet reached the threshold required for Burger to make payments.

**Relief Requested**

6. Section 541(a)(1) of the Bankruptcy Code provides that as of the commencement of the bankruptcy case, the bankruptcy estate is comprised of "all legal or equitable interest of the debtor in property as of the commencement of the case."

7. Section 542(a) further provides that "[A]n entity..in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title…shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

8. Here, the Debtor's interest in the proceeds from the Agreement is property of the estate. Illinois law provides that upon dissolution of a corporation, its assets belong to its shareholders, subject to the claims of creditors. *In re: Xpedior, Inc*., 354 B.R. 210, 228 (Bankr. N.D. Ill. 2006); *In re: Ratner*, 146 B.R. 211 (Bankr. N.D. Ill. 1992). Therefore, upon dissolution of the corporation, the accounts receivable of Lombard Financial Services became property of the Debtors, subject to liquidation by the estate. Moreover, the Debtors were 100% owners of

4

Lombard Financial Services, thus, their stock interest in the corporation is property of the bankruptcy estate, and may be liquidated by the Trustee through liquidation of the accounts receivable of the corporation.

9. On July 12, 2012, Dick and Linda Corso obtained relief from the automatic stay to pursue a state court action against Lombard Financial Services, Inc. While they are free to pursue any state court action against the corporation, the assets of the corporation may be liquidated by the Trustee and the Corsos will have a claim as creditors of the estate against both the Debtors and the corporation.

10. While the threshold required for Burger to make payments has not yet been met, the Trustee requests entry of an order requiring Burger to forward any future payments due under the Agreement to the Trustee and to provide a periodic accounting of all revenues of Lombard Financial Services.

WHEREFORE, the Trustee, Thomas E. Springer requests that the court enter an order requiring Larry G. Burger, CPA, P.C., to turn over the sum of $85,000.00 to the Trustee, subject to the terms of the Asset Purchase Agreement entered into between the Debtors and Lombard Financial Services on January 25, 2011, and to provide a periodic accounting of all revenues of Lombard Financial Services to the Trustee, and for such other relief as the court deems equitable and just.

        Respectfully submitted:

        Thomas E. Springer, Trustee

        By: /s/ Joshua D. Greene /s/
           One of his Attorneys

Joshua D. Greene
**Springer, Brown, Covey, Gaertner & Davis, LLC**
400 South County Farm Road
Suite 330
Wheaton, IL 60187
(630) 510-0000